LINDA S. O'HARE, FORMERLY LINDA S. McNEILLY, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Hare v. Commissioner
Docket No. 27191-84.
United States Tax Court
T.C. Memo 1985-320; 1985 Tax Ct. Memo LEXIS 314; 50 T.C.M. (CCH) 289; T.C.M. (RIA) 85320; July 1, 1985. Woodford G. Rowland, for the petitioner. David Lau, for the respondent. JACOBS
MEMORANDUM OPINION JACOBS, Judge: This matter is before us on respondent's motion to dismiss for lack of jurisdiction. Respondent asserts that petitioner failed to file her petition within the 90-day period prescribed by section 6213(a). [1]
Petitioner and her ex-husband, Matthew McNeilly ("McNeilly"), lived together in Mountain View, California, Until sometime in 1982, at which time McNeilly moved to Ashland, Oregon. They were divorced in June, 1982. Petitioner continues to live in the Mountain View, California home. In late 1982, petitioner received at her Mountain View address a written request to extend the period of limitations on assessment for the taxable year 1979, which she signed and returned to respondent. Petitioner sent a letter to the Commissioner at that time explaining that she had been divorced from McNeilly and had since re-married Larry O'Hare, that she continued to live at *316 the Mountain View address, and that McNeilly (with whom petitioner filed a joint income tax return in 1979) lived at a given address in Ashland, Oregon. On October 18, 1983, respondent sent by certified mail duplicate originals of a notice determining a tax deficiency, and addition to tax, for the taxable year 1979 to petitioner's address in Mountain View, California, McNeilly's new address in Ashland, Oregon, and a third address in San Jose, California. Because no one was present at petitioner's Mountain View address when the certified letter arrived on October 19, 1983, the letter was held at the post office and a notice was left by the postal service informing petitioner that the certified letter was being held for her. A second notice that a certified letter was being held for petitioner was left at the Mountain View address on October 25, 1983. The notice of deficiency was never claimed and was therefore returned to the Commissioner on November 4, 1983. Petitioner alleges in both the petition and in a separate motion, both filed July 30, 1984, that no notice of deficiency was mailed to her, that one was sent only to Matthew McNeilly's address in Ashland, Oregon, and that *317 petitioner had no actual notice of the deficiency until the 90-day period for filing a petition had lapsed. Accordingly, petitioner moved to dismiss this case for lack of jurisdiction, due to respondent's failure to mail a duplicate notice of deficiency to her last known address, as required by section 6212(b)(2). On December 17, 1984, respondent filed an objection to petitioner's motion to dismiss for lack of jurisdiction. Respondent also filed his own motion to dismiss for lack of jurisdiction on the grounds that the petition was not filed within 90 days of the mailing of the notice of deficiency. At a hearing on March 18, 1985, on the motions submitted by the opposing parties, neither petitioner nor her counsel appeared. The Court denied petitioner's motion to dismiss for lack of jurisdiction and took respondent's motion under consideration. After due consideration, respondent's motion to dismiss for lack of jurisdiction will be granted and the petition will be dismissed. In general, respondent has three years following the last day prescribed by law for filing an income tax return in which to institute proceedings to assess an amount of tax which he has determined to be *318 due from the taxpayer. Secs. 6501(a); 6501(b)(1). This period may be extended by agreement of the parties. Sec. 6501(c)(4). As a prerequisite to assessment in respect of certain taxes respondent is authorized to send a notice by certified or registered mail to the taxpayer at the taxpayer's last known address advising him as to the determination of a deficiency. Secs. 6212(a); 6212(b)(1); 6213(a). In the case of a joint return filed by a husband and wife, where the Secretary has been notified by either spouse that separate residences have been established, a duplicate original of a joint notice of deficiency shall be sent by certified or registered mail to each spouse at the last known address of each. Sec. 6212(b)(2); . Once a timely notice of deficiency has been properly mailed, the taxpayer generally has 90 days in which to file a petition with this Court for a redetermination of the deficiency. Sec. 6213(a). Only upon the timely and proper mailing of a notice of deficiency and the timely filing of a petition does this Court have jurisdiction over the taxable year involved. . *319 Respondent has clearly proven to us, by sumission of a copy of the envelope in which the notice of deficiency was mailed and a certified mail list, that a duplicate original of the notice of deficiency was timely mailed to petitioner's last known address, as well as to the last known address of her ex-husband, within the extended limitations period to which the parties agreed. It is inconsequential that petitioner never actually received the notice of deficiency prior to the expiration of the 90-day period on January 16, 1984, as long as it was mailed to petitioner's last known address. . Delivery of the notice was attempted within the 90-day period, but no one was present to sign for it; and it was never claimed at the post office despite two notices that it was being held there. The petition seeking our redetermination of the deficiency, was filed on July 30, 1984, 286 days following the mailing of the notice of deficiency. Accordingly, we do not have jurisdiction over this controversy. To reflect the foreoging, Respondent's motion to dismiss for lack of jurisdiction will be granted.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during that taxable years at issue unless otherwise indicated.↩